In re F.H. LAWSON COMPANY, Debtor.

Peter MARCUS, Trustee, and the Harper Company, Movants,

v.

F.H. LAWSON COMPANY, Respondent (Debtor).

Bankruptcy No. 1–88–01054.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 17, 1989.

**896**

Bradley G. Haas, Cincinnati, Ohio, for movant.

Mark C. Bissinger, Cincinnati, Ohio, for respondent/debtor.

Jeffrey Marks, Cincinnati, Ohio, for Creditor's Committee.

U.S. Trustee's Office, Cincinnati, Ohio.

## DECISION ON MOTION PURSUANT TO 11 U.S.C. § 365(d)(2)

BURTON PERLMAN, Chief Judge.

A controversy had arisen in this Chapter 11 case having to do with the rights of the several parties involved in an effort to sell certain real estate owned by the debtor. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(A), (B) and (O).

The real estate which is the subject of the controversy is F.H. Lawson Company's Plant No. 2. Debtor entered into a contract dated January 15, 1988 for the sale of the subject property to Peter Marcus as trustee, the buyer. That contract fixed a closing date of April 1, 1988. This bankruptcy case was filed March 25, 1988, a date after the date of the making of the contract, but before the date of the projected closing. The parties, after the making of the initial contract, negotiated further with respect to the conditions of the sale, and subsequently entered into a second contract dated May 13, 1988. Copies of both contracts are a part of the record on the present motion.

The January 14, 1988 contract is a printed form copyrighted by the Cincinnati Board of Realtors, Inc., entitled "Contract to Purchase Industrial—Investment—Commercial". This contract provides for a purchase price of $385,000.00 with an earnest money payment of $25,000.00 and provides for a commission of 6% for the selling realtor, the Harper Company. There is a typed addendum to the contract which states several specific promises regarding condition of the premises upon delivery.

The May 13, 1988 contract is typed, and states that the parties thereto are Peter Marcus, trustee, and the F.H. Lawson Company. The purchase price is now $380,000.00 with $25,000.00 acknowledged to have been received, and the balance to be paid at closing. The contract provides that it is conditioned upon approval by the Bankruptcy Court. Further, there is a new and extended provision dealing with the possibility of the presence of asbestos and/or toxic, hazardous or contaminated substances on the premises. Buyer is given the option to terminate the agreement if he finds that the cost of removing such substances exceeds $25,000.00. The last provision in the contract reads: "This Agreement supersedes an earlier contract involving the Real Estate entered into between Buyer and Seller on January 15, 1988."

Events then occurred in the Bankruptcy Court regarding the second contract. A hearing was noticed to all creditors for consideration of approval of the second contract. Objections thereto were lodged by the City of Cincinnati and the Creditors' Committee. The court sustained the objections to the sale after learning at the hearing that the City of Cincinnati was willing to pay debtor more than the amount provided for in the contract of sale.

Apart from the foregoing, there are extended representations of facts in the memoranda of the parties submitted on this motion. We do not consider these representations as part of the evidentiary record before us. We look only to the documentary facts, and facts regarding occurrences in this court in considering the present motion.

Now before us is a motion by the above-identified movants pursuant to 11 U.S.C.

§ 365(d)(2) requesting that the court set a date for assumption or rejection of the January 14, 1988 agreement. The purpose of this filing obviously is to position movants to assert claims against debtor for breach of the January 14, 1988 agreement, for which position a rejection of the January 14, 1989 agreement is necessary. (Certainly movants can have no expectation that debtor will assume the January 14, 1988 contract.)

■ In pressing this motion, however, movants seek to by-pass the vital threshold question, whether there is any January 14, 1989 contract to assume or reject, in view of the express statement in the subsequent May 13, 1988 contract that it "supersedes" the earlier contract. If we hold that there is no contract to assume or reject, referring to the January 14, 1988 contract, then movants have no right to press a claim for breach of that contract. Debtor, of course, asserts the position that there is no January 14, 1988 contract to assume or reject.

The issue presented is easy to resolve. The parties, when they entered into the May 13, 1988 contract, intended to replace with that document the earlier one that they had executed on January 14, 1988. This was the intention of the parties for they unequivocally and expressly said so in the May 13, 1988 document. The January 14, 1988 contract was therefore superseded by the later contract. It needs no citation of authority to establish that it is the intention of the parties which governs in contract matters. Furthermore, there is no room for parole evidence, and an evidentiary hearing, where the intention of the parties is clearly stated in the document. We accept the position of the debtor that the May 13, 1988 contract was a "substituted contract" which had the effect of discharging the January 14, 1988 contract. See, Restatement of the Law (2nd) of Contracts, § 279(1) and (2).

Movants, however, argue that the intention of the parties cannot be given effect because (1) debtor had no authority to terminate the January 14, 1988 contract without the permission of the Bankruptcy Court, or (2) debtor had no legal authority to enter into the May 13, 1988 contract without the permission of the Court after the filing of the bankruptcy case. We find these arguments to be without merit.

■ Movants base their first ground upon a contention that where there is an executory contract and bankruptcy intervenes while it is still executory, because of the provisions of 11 U.S.C. § 365, the debtor has no options with respect to that contract other than to assume or reject it. This, say movants, follows from the language of § 365 which provides for assumption or rejection of executory contracts. We reject this position because while § 365 provides for assumption or rejection, it does not do this by way of limitation. There is nothing in the Bankruptcy Code which supports this position of movants nor would one sensibly expect to find such a limitation on the right of a debtor-in-possession to conduct its affairs in its role as trustee for creditors. Surely, if a trustee has the right to divest itself by further agreement of a disadvantageous obligation, it has the right to enter into a consensual agreement which supersedes an earlier agreement which both parties agree should be superseded. Perhaps if a creditor were to demonstrate that the act of entering into a superseded contract placed the debtor in a less advantageous position than it would have been in had the original contract not been superseded, there might be room for a remedy, but that is not the case here, nor is it the nature of the motion which is here presented.

■ The second position advanced by movants is even less meritorious. The proposition is that a contract is void where a debtor enters into it without first securing authorization from the court. In support of this proposition, movants rely upon 11 U.S.C. § 363(b) which provides that a trustee may sell property of the estate other than in the ordinary course of business, after notice and hearing. That statutory provision, however, is merely procedural, and does not deal with the legitimacy of a contract of sale that a debtor-in-possession might enter into prior to the time that notice and hearing took place. No

court order is necessary before a debtor-in-possession can enter into a valid contract of sale. 2 Collier on Bankruptcy (15th Ed.) § 363.03.

While it may be that these movants may be entitled to relief because of the transactions which have occurred, the present initiative can be of no help to them in securing such relief. The motion will be denied.